Mr. Justice Clayton
delivered the opinion of the court.
In 1838 the Commercial Bank of Rodney obtained a judgment in the circuit court of Jefferson county, against the administrator of John Ducker, deceased, for the sum of $6769, with costs of suit. In 1847 Daniel Bone filed an affidavit, and causied a process in garnishment to be issued, setting forth that the judgment above mentioned had been assigned and transferred to him, by Freeland and Murdock, the assignees of said bank, and that he thereby became the real plaintiff in the case, and calling upon the plaintiff in error to appear and-answer what she owed to the said estate. She appeared in obedience to the process, and took no exceptions of any kind to the proceeding, but answered that she was indebted to the estate of Ducker, between ten and twenty thousand dollars. Judgment was therefore entered against her for the sum of ten thousand dollars, from which a writ of error was taken to this court. The error complained of is, that Bone could not legally sue out the writ of garnishment in his own name.
If this objection,had been made at a proper time, in the court *596 below, it ought to have been sustained. The garnishee has the right to require that the judgment against him should be valid, so as to protect him from any farther claim, upon the part of the original creditor. If this protection is secured, it is all that he can require.
The judgment against the garnishee is a transfer by operation of law of the debt, from the original judgment debtor to the judgment creditor. For the purposes of such transfer, defects in the original judgment cannot be looked- into, if it be not absolutely void. Matheny v. Galloway, 12 S. & M. 475; Whitehead v. Henderson, 4 S. & M. 704. In this case no objection is made to the judgment against Ducker’s administrator, but only to the transfer of the judgment to Bone. A judgment is not assignable by law, so as to pass the legal interest, but a transfer will pass the equitable interest, and confer a right to use the name of the judgment creditor. Then by this transfer Bone became possessed of the equitable title to the judgment, with power to use the name of the plaintiff to enforce it. A payment to him by Ducker’s administrator would have been a discharge; and a condemnation of the debt due to the estate from the plaintiff in error, and its subsequent payment, would be valid, and would likewise discharge the judgment, and release her from the claim of Ducker’s administrator.
It is now too late to question in this court, the transfer to Bone, as alleged in the process; the answer is a virtual admission of that fact, as it does not put it in issue. If the proceeding by garnishment is at all in the nature of a new suit, (and to some extent it certainly partakes of that character,) then the party must be held to have waived a defence not made at the proper time. An assignment can only be questioned in a particular manner.
The judgment is affirmed.
A re-argument was applied for and refused.